IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER JOSEPH, | **8:20CV336** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| PETE RICKETTS, Governor of Nebraska, et al., | |
| Defendants. | |

The matter is before the court for initial review of Plaintiff's pro se, in forma pauperis Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff complains that between 2006 and 2008, Child Protective Services removed his children from a home where they were staying with their mother, and later removed his baby daughter from his home. Plaintiff alleges the daughter died and the other children were placed for adoption. He seeks to recover money damages and to have the surviving children returned to his custody.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff indicates this is a civil rights action filed under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## A. Failure to State a Claim for Relief

The named Defendants in this action are the Governor of Nebraska, the Douglas County Attorney, and Douglass [*sic*] County, but none of these Defendants are alleged to have been involved in the removal, care, or placement of Plaintiff's children. Child Protective Services (now known as Children and Family Services), is a division of the Nebraska Department of Health and Human Services. Even if CPS had been named as a Defendant, a state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official

capacities are not subject to suit under § 1983).[1] In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).[2]

Another obstacle to Plaintiff obtaining any relief in this action is the statute of limitations.[3] The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U. S. 384, 387 (2007). In Nebraska, § 1983 actions are limited by a four-year statute of limitations. See *Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207. Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Wallace*, 549 U.S. at 388; *Montin*, 636 F.3d at 413. The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388. On the facts alleged, it appears any cause of action would have accrued between 2006 and 2008.

Because Plaintiff has not stated a claim upon which relief may be granted against any named Defendant, and because it appears from the face of the Complaint that the purported § 1983 claim is time-barred in any event, no further review of the

---

[1] State officials sued in their official capacities for injunctive relief are "persons" under § 1983, because official capacity actions for prospective relief are not treated as actions against the State. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

[2] A state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908).

[3] Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint before service when it is apparent from the face of the complaint that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

pleadings is necessary. Although the Complaint is subject to immediate dismissal under 28 U.S.C. § 1915(e)(2), the court on its own motion will give Plaintiff 30 days in which to file an Amended Complaint.

### B. Motion for Appointment of Counsel and Issuance of Summons

Plaintiff has filed a motion requesting appointment of counsel and issuance of summons. (Filing No. 3.)

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion.

The request for issuance of summons will also be denied without prejudice because no further proceedings will take place in this case until Plaintiff files an Amended Complaint in accordance with this Memorandum and Order. If Plaintiff files an Amended Complaint, the court will review it to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). This matter may not proceed to service of process unless so ordered by the court after conducting this review.

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2). However, on the court's own motion, Plaintiff will be given leave to file an Amended Complaint. Counsel will not be appointed at this time, and there will be no service of process unless and until the court determines that Plaintiff has a viable cause of action.

IT IS THEREFORE ORDERED:

1.      Plaintiff shall have 30 days in which to file an Amended Complaint. Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

2.      If Plaintiff files an Amended Complaint, he shall restate the allegations of the Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an Amended Complaint will supersede, not supplement, his prior pleadings.

3.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an Amended Complaint.

4.      The clerk of the court is directed to set the following pro se case management deadline: **October 13, 2020**, check for amended complaint.

5.      Plaintiff's motion for appointment of counsel and motion for issuance of summons (Filing No. 3) are denied without prejudice to reassertion.

Dated this 10th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge